26517-JPB/BMM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA DE JESUS PENA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., | ) 18-cv- |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

The Defendant, WAL-MART STORES, INC., by and through its attorneys, James P. Balog and Brian M. Martinez of O'Hagan Meyer, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). It takes physical presence in state, with intent to remain there, to establish domicile, for purposes of diversity jurisdiction. 28 U.S.C.A. § 1332(a)(1); *Denlinger v. Brennan*, 87 F.3d 214 (7th Cir. 1996). Plaintiff was at the time of the subject accident a resident of the State of Illinois and currently is a resident of the State of Illinois with the intent to remain in Illinois during the pending lawsuit. (*See* Plaintiff's Complaint, attached hereto and incorporated herein as Exhibit A).

3. Both at the time of the commencement of the State Court action and at the present time, Defendant, WAL-MART STORES, INC. is a Delaware Corporation with executive headquarters located in Bentonville, AR. (*See* Arkansas Secretary of State Business Information

Search, attached hereto and incorporated herein as Exhibit B). A corporation has a single principal place of business where its executive headquarters are located. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, WAL-MART STORES, INC. is and has been a citizen of Delaware and Arkansas.

4. This matter arises out of a slip and fall accident that occurred on June 26, 2016 at the Wal-Mart store located at 420 Weber Road, Romeoville, Will County. Plaintiff, MARIA DE JESUS PENA, filed a Complaint in the Will County Circuit Court, Law Division, styled <u>Maria De Jesus Pena v. Wal-Mart Stores, Inc., a foreign corporation</u>, bearing Will County, Illinois, Case No. 2018 L 7. (Exhibit A).

5. WAL-MART STORES, INC. first received Plaintiff's Complaint when it was served with process on February 13, 2018. (*See* Service of Process Transmittal, attached hereto and incorporated herein as Exhibit C). WAL-MART STORES, INC. filed its Appearance and Jury Demand on February 20, 2018. (*See* Wal-Mart's Appearance and Jury Demand, attached hereto and incorporated herein as Exhibit D).

6. On March 12, 2018, Plaintiff's Counsel sent an email to Defense Counsel indicating Plaintiff has in excess of $200,000 in medical bills and agreed to remove this matter. (*See* March 12, 2018 email from Plaintiff's Counsel to Defense Counsel, attached hereto and incorporated herein as Exhibit E).

7. Where a case is not removable by review of the initial pleadings, WAL-MART STORES, INC. has a statutory right to file a Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the

record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3). 28 U.S.C.A. § 1446(b)(3)(A). As established in this Notice, WAL-MART STORES, INC. has properly filed its Notice of Removal within the applicable thirty-day time frame, as Defendants first became aware that Plaintiff's claim exceeded $75,000 on March 12, 2018, when Plaintiff's counsel confirmed Plaintiff was seeking to recover in excess of $200,000 in medical expenses.

8. With the first notice that the amount in controversy exceeded $75,000 occurring on March 12, 2018, this Notice was filed within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

9. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Circuit Court of Will County, a true and correct copy of this Notice.

10. By removing this action, Defendant does not waive any defenses available to it.

11. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

12. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, WAL-MART STORES, INC., prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446, and bar Plaintiff from remanding this matter to State Court.

Dated: April 11, 2018

                                            Respectfully submitted,
                                            O'HAGAN MEYER LLC

By: /s/Brian M. Martinez
One of the Attorneys for Defendant,
Wal-Mart Stores, Inc., and Wal-Mart Real Estate
Business Trust

James P. Balog, Esq. #6185185
Brian M. Martinez, Esq. #6317607
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
bmartinez@ohaganmeyer.com